UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID S. HEMBREE,

Plaintiff,

v.

PATRICIA CARTER, JOAN ROGERS, DARRYL BRADY, and LORI KOPKA,

Defendants.
_________________________________/

CASE NO. 2:12-CV-13036
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (docket #12) and DEFENDANT BRADY'S MOTION TO DISMISS (docket #22)**

I. RECOMMENDATION: The Court should grant defendants' motion for summary judgment, and should construe defendant Brady's motion to dismiss as a motion for summary judgment and should grant that motion.

II. REPORT:

A. *Background*

Plaintiff David S. Hembree, a state prisoner, commenced this action on July 11, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. At the times relevant to this action, plaintiff was incarcerated at the Adrian Correctional Facility in Adrian, Michigan. Defendants are Registered Nurse Patricia Carter, Dietician Joan Rogers, Dr. Darryl Brady, and Health Unit Manager Lori Kopka. Plaintiff alleges that defendants repeatedly denied him treatment for his chronic medical conditions, including fractures, degenerative nerve disease, and calcium deposits. Plaintiff also alleges that he was denied a medically necessary lactose free diet. Plaintiff

alleges that defendants were deliberately indifferent to his serious medical needs, and seeks compensatory damages and injunctive relief.

The matter is currently before the Court on two motions filed by defendants. On September 20, 2012, defendants Carter, Rogers, and Kopka filed a motion for summary judgment pursuant to FED. R. CIV. P. 56. Defendants argue that plaintiff has failed to exhaust his administrative remedies. Plaintiff filed a response to this motion on October 29, 2012. Second, on January 7, 2013, defendant Brady filed a motion to dismiss, arguing both that plaintiff failed to exhaust his administrative remedies and that plaintiff's complaint fails to state an Eighth Amendment claim against him. Plaintiff has not filed a response to this motion.

B. *Legal Standard*

Although defendants move for both dismissal under Rule 12(b)(6) and summary judgment under Rule 56 alternatively, because the parties have included matters outside the pleadings the Court should consider the matter solely under Rule 56. Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v.*

*Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C. *Analysis*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions

of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). As the Supreme Court recently explained, the scope of a prisoner's obligation to exhaust is defined not by the PLRA itself, but by the prison's grievance procedures:

> [T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (citations omitted).

Michigan provides for a three-step grievance procedure. A Step I grievance is directed to the Step I Grievance Coordinator at the facility in which the prisoner is incarcerated. If the prisoner is dissatisfied with the Step I response, she may file a Step II appeal to the Warden of the facility. If the prisoner is again dissatisfied with the Step III response, she may file a Step III appeal to the Director of the Department of Corrections or her designee. *See* MICH. DEP'T OF CORRECTIONS

POLICY DIRECTIVE 3.02.130(V), (BB), (FF) (effective July 9, 2007). The Policy Directive provides that a prisoner must include "the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.*, § (R).

In support of their motions, defendants submit the affidavit of Richard D. Russell, Manager of the MDOC Grievance Section. In his affidavit, Russell details the steps taken when a Step III appeal is submitted, including entry of the grievance into a database. *See* Def.s' Br., Ex. 2, ¶¶ 10, 17. Russell also avers that a search of the database covering the period May 2009 to the date of the affidavit revealed that plaintiff had not filed any Step III grievances. *See id.*, ¶ 18 & attached Step III Grievance Report. "Given the Grievance and Appeals Section's systematic tracking of Step III appeals, [Russell's] affidavit that a proper search of that system was conducted, and the absence of [any] Step III grievance in the search results and files, Defendants have carried their initial summary judgment burden of demonstrating that Plaintiff never appealed [any] grievance to Lansing." *Dean v. Prison Health Servs.*, No. 10-14135, 2011 WL 1630114, at *6 (Mar. 28, 2011) (Michelson, M.J.), *magistrate judge's report adopted*, 2011 WL 1627336 (E.D. Mich. Apr. 28, 2011) (Cleland, J.); *see also*, *Ryder v. Wolfenbarger*, No. 08-12115, 2010 WL 3059361, at *5 (June 24, 2010) (Hluchaniuk, M.J.), *magistrate judge's report adopted*, 2010 WL 3259358 (E.D. Mich. Aug. 18, 2010) (Zatkoff, J.); *Hernandez v. Harrington*, No. 2:09-cv-167, 2010 WL 3853215, at *3 (Aug. 20, 2010), *magistrate judge's report adopted*, 2010 WL 3843773 (W.D. Mich. Sept. 28, 2010). In response, plaintiff asserts that he filed multiple Step III appeals, but they were not returned. *See* Pl.'s Br., at 2. Although plaintiff asserts that these grievances are included with his response, no such grievances are attached to the response. Nor has plaintiff provided an affidavit supporting his

assertions, or any corroborating evidence such as copies of the grievances or evidence of mailings. In these circumstances, plaintiff has failed to raise a genuine issue of material fact with respect to whether he exhausted his administrative remedies, and defendants are therefore entitled to summary judgment. *See Minor v. Bunting*, No. 1:11-cv-1032, 2012 WL 4385754, at *4 (Aug. 2, 2012), *magistrate judge's report adopted*, 2012 WL 4385106 (W.D. Mich. Sept. 25, 2012); *King v. Bell*, No. 09-10001, 2009 WL 464079, at *3 (E.D. Mich. Dec. 7, 2009) (Duggan, J., adopting report of Hluchaniuk, M.J.); *Washington v. Uner*, No. 05-1410, 2006 WL 3209821, at *3 (D. Minn. Nov. 7, 2006), *aff'd*, 273 Fed. Appx. 575 (8th Cir. 2008); *Bartelli v. Frank*, No. 3:CV-04-0907, 2006 WL 1008996, at *4 (M.D. Pa. Apr. 13, 2006). Accordingly, the Court should grant summary judgment to defendants without prejudice to plaintiff refiling his suit.[1]

D. *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff failed to exhaust his administrative remedies with respect to any of his claims against defendants. Accordingly, the Court should grant defendants' motions for summary judgment.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

---

[1]Because plaintiff has been paroled and is no longer incarcerated, he is no longer subject to the PLRA exhaustion requirement. *See* 42 U.S.C. § 1997e(a) (emphasis added) ("No action shall be brought . . . *by a prisoner confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted."); *see also*, *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999); *Mabry v. Freeman*, 489 F. Supp. 2d 782, 785-86 (E.D. Mich. 2007) (Zatkoff, J.) (citing cases). Nevertheless, the Sixth Circuit has held that because the PLRA exhaustion requirement provides that "[n]o action shall be brought" that is unexhausted, a prisoner's release after the suit is filed does not cure his failure to exhaust, and dismissal is still appropriate even though the now-former prisoner may simply refile the suit. *See Cox v. Mayer*, 332 F.3d 422, 424-27 (6th Cir. 2003); *see also*, *Siler v. Baldwin*, No. 08-15077, 2011 WL 6371012, at *3 (E.D. Mich. Dec. 20, 2011) (Duggan, J.).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2013

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon David Hembree and Counsel of Record on this date.

Dated: July 2, 2013 s/ Lisa C. Bartlett

Case Manager